UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:03-cr-00371-JAM-EFB |
|---|---|
| Plaintiff, | |
| v. | **ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)** |
| KENNETH DEANDRE RODGERS, | |
| Defendant. | |

    On January 14, 2022, Defendant filed a motion for compassionate release. See Mot., ECF No. 1213. The Government filed an opposition. See Opp'n, ECF No. 1219. Defendant replied. See Reply, ECF No. 1221. For the reasons below, the Court finds extraordinary and compelling reasons warrant the termination of the remainder of Defendant's sentence.

    As a threshold matter, Defendant has satisfied the requirement to exhaust administrative remedies. Opp'n at 3. In support of a finding of extraordinary and compelling reasons that warrant compassionate release, Defendant argues there is a significant disparity between the sentence he received in 2006 and the sentence he would receive if he were sentenced today. Mot. at 2-3. In 2006, Defendant was committed to the custody of

1  the Bureau of Prisons for a term of 384 months.  Mot. at 2.
2  Today, in the wake of United States v. Bankston, 901 F.3d 1100,
3  1104 (9th Cir. 2018), the Defendant would no longer be deemed a
4  "career offender" under the United States Sentencing Guidelines.
5  Mot at 2.  The Government agrees that this statement is "true."
6  Opp'n at 5.  Without the career offender finding, if the
7  Defendant were sentenced for identical criminal conduct today
8  with an equivalent criminal history, Defendant calculates he
9  would receive a 180-month total sentence.  Mot. at 3.  The
10 Government does not dispute this calculation.  See Opp'n.
11      In the Ninth Circuit, under United States v. Aruda,
12 "district courts are empowered to consider *any* extraordinary and
13 compelling reason for release that a defendant might raise,"
14 including significant sentencing disparities.  993 F.3d 797, 801
15 (9th Cir. 2021) (emphasis added).  Defendant has served 194
16 months of his 384-month sentence.  Opp'n at 3.  To keep the
17 Defendant in custody would subject him to a sentence that is more
18 than double the sentence he would receive if sentenced today.
19 Given this sentencing disparity, the Government's concessions in
20 its opposition, and the Defendant's efforts at rehabilitation
21 while imprisoned, addressed below, the Court finds that there
22 does exist extraordinary and compelling reasons for a grant of
23 compassionate release.  See United States v. Parker, 461 F. Supp.
24 3d 966, 979 (C.D. Cal. May 21, 2020).
25      Further, the Court finds that the relief to be granted
26 pursuant to 18 U.S.C. § 3582(c)(1)(A) is consistent with the
27 sentencing factors set forth in 18 U.S.C. § 3553(a).
28 Specifically, reducing Defendant's sentence would "avoid

unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," while still imposing a sentence that is "sufficient but not greater than necessary." 18 U.S.C. § 3553(a)(6). Moreover, while Defendant's criminal acts were dangerous, the Court finds that Defendant is unlikely to endanger the community with further crimes if released. Defendant has availed himself of numerous resources in prison. Mot. at 3-4. He has obtained his GED in 2010 and taken numerous other courses in preparation of reentering society. Id.

Accordingly, the Court GRANTS Defendant's Motion to for Compassionate Release. Defendant shall spend up to 14 days in quarantine and obtain medical clearance prior to release. During this time, appropriate travel arrangements shall be made to ensure Defendant's safe release. Upon release, Defendant shall begin serving his 60-month term of supervised release.

IT IS SO ORDERED.

Dated:  February 28, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE